UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 16, 2022

Gerardine M. Delambo, Esq.
Gerardine M. Delambo Attorney At Law
705 Deepdene Road
Baltimore, MD 21210

Jamie Dixon, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject: David B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-21-1516

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 4, 6), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 12), defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 13), and plaintiff's Response in Opposition to defendant's Motion for Summary Judgment ("plaintiff's Reply") (ECF No. 18). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 12) and defendant's Motion (ECF No. 13) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

### I. Background

On October 10, 2018, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 20, 2015. (R. at 159-60). His claim was initially denied on January 22, 2019 (R. at 98-101), and on reconsideration on July 26, 2019 (R. at 103-09). After a hearing held on August 18, 2020, an Administrative Law Judge ("ALJ") issued a decision on December 16, 2020, denying benefits based on a determination that plaintiff was not disabled. (R. at 17-35). The Appeals Council denied plaintiff's request for review on May 10, 2021, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-6). Plaintiff challenges the Commissioner's decision on the grounds that: 1) the ALJ's residual functional capacity ("RFC") failed to accommodate plaintiff's short gut syndrome and side effects; and 2) the ALJ failed to properly evaluate several medical opinions.

### II. Discussion

First, plaintiff argues that the ALJ failed to accommodate plaintiff's short gut syndrome and gastrointestinal side effects in the RFC. (ECF No. 12-2 at 7-9). The RFC "assessment must

David B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-21-1516
March 16, 2022
Page 2

first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" Id. (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

In this case, the ALJ determined that plaintiff's short gut syndrome was a severe impairment at step two. (R. at 22). The ALJ included a restriction in plaintiff's RFC that plaintiff needed "ready access to a restroom, but the need to use the restroom can be accommodated by the normal morning, lunch and afternoon breaks." (R. at 24). In the RFC, the ALJ noted plaintiff's testimony that "he uses the restroom every 5 to 10 minutes or every 2 hours." (R. at 25). Plaintiff's complaints regarding his need to use the restroom often and for extended periods of time are found in many of his medical records and in his hearing testimony. See, e.g., R. at 45-47, 522, 745, 751. The ALJ discussed plaintiff's medical records related to his short gut syndrome and treatment by a gastroenterologist, but failed to mention that the gastroenterologist noted plaintiff's complaint of episodes of nausea, cramping, lower abdominal pain, and persistent diarrhea that could last for several days. (R. at 588). While the ALJ did note that the gastroenterologist reported that plaintiff had cramping and pain at the time of the appointment but that "his abnormal bowel movements have significant[ly] improved," this is related to a single appointment and plaintiff's symptoms on that particular day. (Id.) The ALJ also noted that plaintiff treated his gastrointestinal symptoms with over-the-counter antacids and Pepto Bismol. (R. at 26, 247). The ALJ, however, failed to explain how the restriction in plaintiff's RFC would address plaintiff's gastrointestinal condition despite plaintiff's complaints that he needed to use the restroom on a more frequent basis than during normal work breaks. The ALJ did not include any narrative explanation regarding how plaintiff's complaints would be addressed by this restriction. Therefore, the ALJ failed to "build an accurate and logical bridge" from the evidence in plaintiff's record, including plaintiff's subjective complaints, to the conclusion that plaintiff could perform work with ready access to a restroom but only needed to use it during regular breaks. Woods, 888 F.3d at 694. Accordingly, remand is warranted on this issue.

Because the case is being remanded on other grounds, this court need not address plaintiff's argument regarding whether the ALJ improperly evaluated several medical opinions. It would appear, however, that the ALJ properly determined and explained the weight assigned to the medical opinions of Heidi Hutton, Ph.D.; Dean McKinnon, M.D.; and Mohammed Ahmed, M.D. Therefore, on remand, the ALJ should explain how the restriction included in plaintiff's RFC regarding his frequent need to use the restroom addresses plaintiff's gastrointestinal complaints.

David B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-21-1516
March 16, 2022
Page 3

### III.   Conclusion

For the reasons stated above, plaintiff's Motion (ECF No. 12) and defendant's Motion (ECF No. 13) are DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge